Hagerty v Klein (2026 NY Slip Op 01873)

Hagerty v Klein

2026 NY Slip Op 01873

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND
GREENWOOD, JJ.

15 CA 24-01622

[*1]JOHN HAGERTY, PLAINTIFF-APPELLANT,
vMICHAEL J. KLEIN, M.D., ET AL., DEFENDANTS, AND
TRAVIS L. BOAZ, M.D., DEFENDANT-RESPONDENT. 

RICHARD P. VALENTINE, ESQ., P.C., BUFFALO (RICHARD P. VALENTINE
OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SUGARMAN LAW FIRM, LLP, BUFFALO (BRIAN SUTTER OF COUNSEL),
FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.),
entered August 15, 2024, in a medical malpractice action. The order granted the motion
of defendant Travis L. Boaz, M.D., to dismiss the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed
without costs.
Memorandum: Plaintiff timely commenced this action against a number of
defendants by filing a summons and complaint in May 2022. Plaintiff's injuries as alleged
in the complaint stemmed from purported medical malpractice commencing in November
2019. The complaint named Travis L. Boaz, M.D. as a defendant and alleged a distinct
cause of action against only Boaz. Plaintiff timely served the other named defendants in
August and September 2022, but he did not serve Boaz until March 2024. On Boaz's
motion, Supreme Court dismissed the complaint against him based on the untimely
service (see generally CPLR 306-b). Plaintiff appeals, and we affirm.
Contrary to plaintiff's contention, the relation back doctrine does not apply to the
circumstances of this case. The relation back doctrine pertains to "claims against a party
mistakenly omitted from the initial filing and then added after the expiration of the
limitations period" and has the specific effect of "treat[ing] [the claims] as interposed
when the action was timely commenced against the originally named [defendants]" (Matter of Nemeth v K-Tooling,
40 NY3d 405, 407 [2023]). Thus, the relation back doctrine "enables a plaintiff to
correct a pleading error—by adding either a new claim or a new party—after
the statutory limitations period has expired" (Buran v Coupal, 87 NY2d 173, 177
[1995]). Here, however, given that Boaz was correctly named in the original complaint in
an action that was timely commenced against him, plaintiff is not seeking to correct a
pleading error. Instead, plaintiff is attempting to cure an omission of service as required
under CPLR 306-b, and the relation back doctrine is thus inapplicable.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court